IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUSTIN GARDNER, | ) | |
| | ) | |
| Petitioner, | ) | 8:18CV557 |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF NEBRASKA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |

This matter is before me for initial review under Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*. From the records, it plainly appears that this case must be dismissed.

In paragraph 2 of the petition, Petitioner specifies that his attack pertains to a case in the District Court of Douglas County, Nebraska. He alleges that the case number is CR 15 2366.

I take judicial notice of the state court records. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the "Justice" site.

The case Petitioner attacks was dismissed without prejudice on September 22, 2015, and he was ordered to be released from jail (absent detainers) on that same date. Therefore, there is no basis for attacking that alleged conviction or sentence because no conviction or sentence[1] was in fact imposed.

---

[1] The fact that Petitioner may have spent time in pretrial detention is not a "sentence" and is not subject to retroactive attack under 28 U.S.C. § 2254.

If Petitioner is really attacking a prosecution, conviction and sentence in the Lancaster County, Nebraska District Court under case number CR 18 289[2], then under Rule 2 he must file a separate petition. The rules do not allow a petitioner to attack two separate criminal matters in the same petition.

However, if he claims that some deal was reached or promise made in the Douglas County, Nebraska case CR 15 2366 dealt with here (or in other Douglas County cases mentioned in passing in the petition, to wit: CR 15 694[3] and CR 16 3314[4]) that would preclude the prosecution in the Lancaster County, Nebraska District Court, he may assert such a claim in the new petition attacking the Lancaster County, Nebraska conviction and sentence.

I caution Petitioner to be very clear in stating what deal or promise was made in the Douglas County case or cases that allegedly precluded the Lancaster County prosecution. He should state the date the deal or promise was made and the person or persons who made the deal or promise upon which he relies.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

---

[2] See the last sentence in the petition at CM/ECF page 7 under "Ground Two" paragraph (a).

[3] The federal habeas challenge to that matter is currently pending at 18CV241.

[4] The federal habeas challenge to that matter was dismissed with prejudice on August 21, 2018, in 18CV46.

IT IS ORDERED that the habeas corpus petition (filing no. 1) is denied and dismissed with prejudice.[5] No certificate of appealability has been or will be issued. Judgment will be issued by separate document.

DATED this 4th day of January, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[5] This dismissal does not preclude Petitioner from attacking the Lancaster County, Nebraska judgment and conviction referenced in the text.